UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-580-H

KELSI J. POTEET                                             PLAINTIFF-APPELLANT

V.

EDSOUTH; GREAT LAKES HIGHER
EDUCATION CORPORATION; GREAT
LAKES HIGHER EDUCATION SERVICING
CORPORATION; EDUCATIONAL CREDIT
MANAGEMENT CORPORATION                   DEFENDANTS-APPELLEES

**MEMORANDUM OPINION AND ORDER**

This is an appeal seeking reversal of Bankruptcy Court rulings which barred Appellant, Kelsi Poteet, from obtaining a discharge of her student loans. For the reasons that follow, the Court concludes that the Bankruptcy Court did not commit any errors of fact or law.

I.

Appellant filed an adversary proceeding before the Bankruptcy Court alleging that her federal consolidated student loan did not meet the "statutory requirements" for exception from discharge, and was therefore dischargeable in bankruptcy without a showing of undue hardship. As successor in interest to the guarantor and lender of the student loan, the Educational Credit Management Corporation ("ECMC") moved to intervene and later to substitute into the action. The Bankruptcy Court granted these motions.

Several months later, Appellant filed an Amended Complaint repeating her earlier allegation that her consolidated student loan was presumptively dischargeable in bankruptcy, and also adding claims that under the Higher Education Act's ("HEA") procedural regulations, the

original lender did not properly make a claim for reimbursement on the loan's guaranty. ECMC moved to dismiss for two reasons: (1) a consolidated student loan *does* meet the statutory requirements for exception from bankruptcy discharge; and (2) Appellant failed to allege any compensable injury because there is no private cause of action under the HEA. The Bankruptcy Court dismissed the action with prejudice.

After entry of the dismissal order, Appellant again sought leave to amend her Complaint in order to assert claims, nearly identical to those already dismissed, against the same defendants already dismissed by the Court. Finding that the proposed Second Amended Complaint did not cure deficiencies with Appellant's initial claims, the Bankruptcy Court denied leave to amend. This appeal followed.

II.

Appellant questions the legal sufficiency of the Bankruptcy Court's underlying determinations that: (1) her consolidated student loan is presumptively non-dischargeable in bankruptcy; and (2) an alleged technical violation of HEA regulations does not give rise to a private right of action to discharge a student loan. In addition, Appellant argues that the Bankruptcy Court should have granted discovery on her claims; entertained yet another amended complaint asserting the same claims; and have entered default judgment against non-appearing defendants on these claims. Moreover, she claims that its rejection of her meritless claims reflects judicial bias against *pro se* parties.

Questions of law, such as whether a complaint states a claim on which relief can be granted, are reviewed *de novo*. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). On appeal from a decision regarding joinder or substitution, the appellate court reviews factual findings for

2

clear error and reviews *de novo* the application of law. *Organic Cow, LLC v. Center For New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003).

III.

Appellant's Amended Complaint sought to discharge her consolidated federal student loan primarily on two independent grounds. First, she alleged that the loan in question "did not meet the statutory requirements" for exception from discharge; that is, that the student loan was not a student loan requiring a showing of "undue hardship" for bankruptcy discharge under 11 U.S.C. § 523(a)(8). Second, she alleged that under the HEA, the lender, EdSouth, should not have made a guaranty claim with Great Lakes Higher Education Servicing Corporation ("Great Lakes"), the prior guarantor, upon the filing of Appellant's adversary proceeding, and somehow the loan was then cancelled due to this procedural error.

A.

Generally, educational loans may not be discharged in bankruptcy unless the debtor shows that repayment of the loans would constitute an "undue hardship." 11 U.S.C. § 523(a)(8). However, Appellant argued that she was entitled to a discharge because ECMC's loan "did not meet the statutory requirements to exempt it from discharge," and is not an "educational benefit loan" or "qualified educational loan" as defined in 11 U.S.C. § 523(a).

The loan in question was a consolidation of seven others. This Court agrees with Appellees that under § 1078-3 such loans are "educational loans" for purposes of the § 523(a)(8) exception to discharge. *E.G., Sheer v. Educ. Credit Mgmt. Corp.*, 245 B.R. 236, 239-240 (D. Md. 1999) (collecting cases and observing that "[t]he clear weight of authority holds that consolidation loans made under Section 428 C of the HEA, 20 U.S.C. § 1078-3, are educational

3

loans for the purposes of the § 523(a)(8) exception to discharge."). Further, § 523(a)(8)(B)'s exception to discharge incorporates by reference the definition of "qualified educational loan" under IRC section 221(d)(1), including "indebtedness used to *refinance* indebtedness which qualifies as a qualified educational loan." 26 U.S.C. § 221(d)(1)(C) (emphasis added).

The Court is convinced that Appellant's consolidated student loan met the statutory requirements for exception to bankruptcy discharge and the Bankruptcy Court's determination was correct.

B.

Appellant also alleges that her loan technically should not have been transferred from the lender, EdSouth, to original guarantor Great Lakes because her Complaint did not specifically allege "undue hardship" as provided by regulations under the HEA, 34 C.F.R. § 682.402. This argument fails for the reasons Appellee set forth in its brief.

Courts uniformly hold that there is no private cause of action for violations of the regulations under the HEA. *Thomas M. Cooley Law Sch. v. American Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006). Appellant has no legal claim for discharge, cancellation, or "unenforceability" under HEA regulations. Moreover, Appellant has shown no actual damages under such a legal theory. Even if such a legal claim were possible, the remedy would not involve cancellation or discharge of the loan. ECMC, as successor to Great Lakes, was the guarantor of the loan. Therefore, as holder of an interest in the note, it has standing to litigate and defend a student loan entirely independent of the interest or standing of the lender. *Matthews v. Educ. Credit Mgmt. Corp.*, 449 B.R. 265, 271 (E.D. Ky. 2011).

IV.

Appellant's other arguments fall well short of sufficiency for reversal.

The Second Amended Complaint amounted to recasting of Appellant's already-dismissed claims, and a post-petition claim under the FDCPA that the Bankruptcy Court lacked jurisdiction to decide. Therefore, the Bankruptcy Court was correct in denying leave to amend. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Bankruptcy Court was also correct to not enter default judgment where the plaintiff fails to state a plausible claim for relief. In any event, a default judgment against EdSouth and Great Lakes would have had no effect on Appellant's student loans, since both of these parties had transferred their interests to ECMC and no longer held any interests in her loans at the time.

Finally, Appellant contends that in dismissing her claims against EdSouth and Great Lakes, the Bankruptcy Court failed to provide the "minimal procedures" for *sua sponte* dismissals set forth in *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir. 1983). This Court simply cannot find this to be true. Appellant seems to have had plenty of opportunity to argue her case. The problem seems to have been that she pursued claims against EdSouth and Great Lakes which the Bankruptcy Court had already suggested were without merit.

Appellant's other arguments do not merit discussion. In sum, the Court finds no factual errors nor any errors of law affecting the underlying rulings.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Appellant's appeal is DENIED and the judgment of the Bankruptcy Court is AFFIRMED in all respects.

This is a final order.

cc: Counsel of Record

Bankruptcy Court